WALTER M. BERRY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   March 8, 1905. — June 26, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Master and Servant.   Street Railway.   Negligence.*

It is not within the scope of the employment of a conductor of a street railway company to call a policeman as a practical joke to arrest "two crooks" in an old car used as a place of shelter for conductors when off duty.

A street railway company is not liable to a person injured from stepping through a hole in a platform of an old discarded car used merely as a shelter for conductors when off duty.

TORT, by a police officer of the city of Boston, for personal injuries caused by stepping through a hole in the platform of a car of the defendant when called to arrest two supposed burglars. Writ dated August 3, 1901.

In the Superior Court the case was tried before *Mason,* C. J., who at the close of the plaintiff's evidence ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was argued at the bar in March, 1905, before *Knowlton,* C. J., *Lathrop, Barker, Hammond,* & *Braley,* JJ., and afterwards was submitted on briefs to all the justices.

*J. F. McDonald,* for the plaintiff.

*F. Ranney* & *W. E. Monk,* for the defendant.

LATHROP, J. We are of opinion that the ruling that the plaintiff could not recover was right. The plaintiff was a policeman who at a quarter past three in the morning was called by a conductor of a car in the employ of the defendant. The conductor at the time he spoke was standing in the doorway of an old horse car, the only use of which was to afford a shelter for conductors while off duty. One end of the car and the windows were boarded up. The other end had still a platform, in which was a hole that had been there for some time. The policeman was in the street when called by the conductor, who said to the plaintiff, " Hey, come here, Berry, I have two crooks for you." The policeman came, and in stepping on the platform put one foot through the hole and sustained the injuries complained of. There were only two messenger boys of the Western Union Telegraph Company, in uniform, in the car at the time, who had received permission to wait there until a car started for Boston. The boys were well known to the conductor, and it was apparent from the evidence that the conductor was playing a practical joke on the policeman.

While the car was on the premises of the defendant, it seems to us clear that the act of the conductor was not within the scope of his employment, and that the defendant is not liable. The fact that the act was performed on the premises of the defendant was wholly immaterial. *Walton* v. *New York Central*

*Sleeping Car Co.* 139 Mass. 556. *Files* v. *Boston & Albany Railroad,* 149 Mass. 204. *Bowler* v. *O'Connell,* 162 Mass. 319. *Driscoll* v. *Scanlon,* 165 Mass. 348. *Brown* v. *Jarvis Engineering Co.* 166 Mass. 75, 77, and cases cited. *Brown* v. *Boston Ice Co.* 178 Mass. 108. *Crowley* v. *Fitchburg & Leominster Street Railway,* 185 Mass. 279.

It is further contended that this case falls within the principle of *Learoyd* v. *Godfrey,* 138 Mass. 315, namely, that a police officer is lawfully on the premises of another if he goes there to make an arrest. But the platform of an old discarded car, used merely as a shelter, differs from a wrought way, or a way of approach held out by the defendant as a way to which there is an implied invitation.

*Exceptions overruled.*