BURROUGHS ADDING MACHINE COMPANY *v.* SEVIER FRYAR.

(*Knoxville.* September Term, 1915.)

**NEGLIGENCE. Owners of buildings. Duties to licensee. Police officer.**

A police officer, observing a door of the defendant company to be open, while the room was unoccupied, went into the store, and when coming out closed the door with such force as to cause a screen over the transom to fall, injuring his foot. *Held*, that his acts, though in the performance of his duty, were those of a licensee, and that he could not recover for the injury, since a property owner is liable to a licensee only for willful injury.

Cases cited and approved: Lunt v. Post Printing & Pub. Co., 48 Colo., 316; Gibson v. Leonard, 143 Ill., 182; New Omaha Thompson-Houston Elec. Light Co. v. Anderson, 73 Neb., 84; New Omaha Thompson-Houston Elec. Light Co. v. Bensden, 73 Neb., 49; Casey v. Adams, 234 Ill., 350; Creeden v. Boston & M. R. Co., 193 Mass., 280; Lunt v. Post Ptg. & Pub. Co., 30 L. R. A. (N. S.), 60; Creeden v. Boston & M. R. Co., 9 Ann. Cas., 1121.

---

FROM HAMILTON.

---

Error to the Circuit Court of Hamilton County.— NATHAN L. BACHMAN, Judge.

WATKINS & WATKINS, for plaintiff in error.

FLEMING & SHEPHERD, for defendant in error.

MR. JUSTICE GREEN delivered the opinion of the Court.

Defendant in error, Fryar, was a police officer in the city of Chattanooga. While making his rounds after

business hours he noticed that the front door of the store of plaintiff in error was open. The officer went into the house to see if any one was there and, finding no one, concluded that the door had been left open by inadvertence. He returned to the front and, standing in a vestibule leading from the sidewalk into the store-house, he slammed the door. The door fastened with a spring lock, and the jar occasioned by shutting it caused a screen, covering the transom to fall from its place onto the officer's foot, inflicting injuries for which he sues.

There was a verdict and judgment in favor of the plaintiff below. This judgment was reversed in the court of civil appeals, that court holding that a motion for peremptory instructions should have been sustained, and dismissed the suit.

The court of civil appeals was correct. The acts of the policeman in examining the premises and in closing the door were in the line of his duty, and the authorities are uniform to the effect that the owner of property is under no obligation to a policeman or fireman who goes thereupon in the discharge of his duty, except to refrain from inflicting upon such an officer a willful or wanton injury. That is to say, the officer is a quasi licensee, and the property owner owes him no duty to keep the premises in safe condition.

Under such circumstances a policeman or fireman goes on the premises by permission of the law. In the discharge of his duty to the public he may enter upon the premises in disregard of the owner's wishes. He

is not an invitee. He may enter whether the property owner is willing or unwilling, and his right to enter does not depend on the property owner's invitation, express or implied, but his entry is licensed by the public interest and what has been called "the law of overruling necessity." Such is the law in the absence of some statute or ordinance. Cooley on Torts (3 Ed.), page 648; *Lunt* v. *Post Printing & Pub. Co.,* 48 Colo., 316, 110 Pac., 203, 30 L. R. A. (N. S.), 60, 21 Ann. Cas., 492; *Gibson* v. *Leonard,* 143 Ill., 182, 32 N. E., 182, 17 L. R. A., 588, 36 Am. St. Rep., 376; *New Omaha Thompson-Houston Elec. Light Co.* v. *Anderson,* 73 Neb. 84, 102 N. W., 89; *New Omaha Thompson-Houston Elec. Light Co.* v. *Bensden,* 73 Neb. 49, 102 N. W., 96; *Casey* v. *Adams,* 234 Ill., 350, 84 N. E., 933, 17 L. R. A. (N. S.), 776, 123 Am. St. Rep., 105; *Creeden* v. *Boston & M. R. Co.,* 193 Mass., 280, 79 N. E., 344, 9 Ann. Cas., 1121. See notes under *Lunt* v. *Post Ptg. & Pub. Company,* as reported in 30 L. R. A. (N. S.), 60, and also under *Creeden* v. *Boston & M. R. Co.,* as reported in 9 Ann. Cas., 1121.

The policeman was probably standing in the vestibule on the property of plaintiff in error, and not on the sidewalk, when he was injured. This is not a material question, however, because the injury resulted from an actual and indisputable entry on the property of plaintiff in error; that is, the reaching in, seizing, and slamming the door.

Accordingly the judgment of the court of civil appeals is affirmed.