(No. 5285. October 5, 1929.)

HENRY D. PINCOCK, Appellant, v. M. S. McCOY, Respondent.

[281 Pac. 371.]

B. H. Miller, for Appellant.

Wm. P. Hemminger, for Respondent.

BUDGE, C. J.—Action by appellant to recover general and special damages on account of bodily injuries by him sustained in falling into an open hatchway or driveway connected with and at the rear of a building owned by respondent. The allegations in appellant's complaint are to the effect that at the time of the accident he was a deputy sheriff, and on the night of February 24, 1927, while attempting to make an arrest for a public offense being committed in his presence, fell into the open, unguarded and unprotected hatchway or driveway at the rear of the building owned by respondent, breaking a leg and severely bruising him about the head and shoulders. Negligence on

the part of respondent in failing to place guards or railings along the driveway or hatchway or to cause the same to be properly and sufficiently covered, and a duty on his part so to do in order to prevent injury to anyone rightfully and lawfully on said premises are alleged as grounds for recovery by appellant. A general demurrer to the complaint was filed by respondent, which the court sustained, and the action was subsequently dismissed for failure of appellant to plead further. From the judgment of dismissal this appeal has been prosecuted.

As aptly stated in appellant's brief: The only question involved is whether or not the complaint states facts sufficient to constitute a cause of action against the respondent, that is, whether, under the circumstances, there is a liability on the part of respondent to respond in damages to appellant for the injuries sustained. Counsel for respondent urged on the hearing of the demurrer that appellant was a licensee; that respondent owed him no duty, except to refrain from wilful or wanton injury; and that no liability for damages existed or could exist. The trial court adopted the theory of the respondent that appellant was a licensee, that respondent owed him no duty, and that respondent was not liable in damages for the injury sustained.

If appellant was a licensee then, of course, there is no liability and the complaint does not state a cause of action. If, on the other hand, appellant was an invitee there is a liability, the complaint states a cause of action, and the court erred in dismissing the complaint.

One on premises by invitation, express or implied, is an invitee, whereas one who is there merely by permission or toleration is a mere licensee, and, as to the former, the owner of the premises must use reasonable care, whereas to the latter he owes no greater duty than to avoid wilful or wanton injury. (*Lange v. St. Johns Lumber Co.*, 115 Or. 337, 237 Pac. 696; 4 Words & Phrases, 3d Series, 526.)

In the majority of jurisdictions the rule is well settled that, in the absence of a statute or municipal ordinance, a member of a public fire department, who, in an

emergency, enters on premises in the discharge of his duty, is a mere licensee, under a commission to enter given by law, to whom the owner or occupant owes no greater duty than to refrain from the infliction of wilful or intentional injury. Police officers, it seems to be generally agreed, stand in precisely the same position as do firemen; they are merely licensees. (Annotation, 13 A. L. R. 637–646; 20 R. C. L., p. 63, sec. 55.) A fair example of the decisions is that in *Burroughs Adding Mach. Co. v. Fryar,* 132 Tenn. 612, 179 S W. 127, L. R. A. 1916B, 791, 11 N. C. C. A. 705, wherein it appeared that a police officer, while making his rounds, observed the front door of the plaintiff's establishment to be open, and, in closing it, caused a screen covering the transom to fall on his foot, inflicting injuries. The court said:

"The acts of the policeman in examining the premises and in closing the door were in the line of his duty, and the authorities are uniform to the effect that the owner of property is under no obligation to a policeman or fireman who goes thereupon in the discharge of his duty, except to refrain from inflicting upon such officer a wilful or wanton injury. That is to say, the officer is a *quasi* licensee, and the property owner owes him no duty to keep the premises in safe condition. Under such circumstances a policeman or fireman goes on the premises by permission of the law. In the discharge of his duty to the public he may enter upon the premises in disregard of the owner's wishes. He is not an invitee. He may enter whether the property owner is willing or unwilling, and his right to enter does not depend on the property owner's invitation, express or implied, but his entry is licensed by the public interest and what has been called 'the law of overruling necessity.' Such is the law in the absence of some statute or ordinance."

No ordinance of the kind was pleaded by appellant, and there is no state statute on the subject.

Especially commended to our attention by appellant is the case of *Lowe v. Salt Lake City,* 13 Utah, 91, 57 Am. St. 708, 44 Pac. 1050, an examination of which discloses that it

was decided upon the principle of landlord and tenant, not applicable here; the court stating that the defendant, by *invitation, induced* the respondent to come upon the premises, knowing their dangerous condition, and was therefore liable for the injury.

Appellant argues with much force and earnestness that, being a peace officer whose sworn duty it was to apprehend and arrest persons violating the law, he was not only invited but commanded by the state to go upon the premises where he knew or had reasonable cause to believe a crime was being committed, and that respondent, being a part and portion of the state and interested as any other citizen in the preservation of its peace and dignity, united in that direction and command to appellant. We do not find that the authorities support this view, and, as hereinabove indicated, the weight of authority being that, under facts similar to those in the case at bar, the person suffering injury in such circumstances is a licensee to whom the owner or occupant of the premises owes no duty other than to refrain from the infliction of wilful or wanton injury, we are constrained to follow the rule of *stare decisis* in holding that no liability attached under the facts pleaded.

The judgment is affirmed. Costs to respondent.

Givens, T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.