## WALTERS v. SOUTHERN S. S. CO.
### No. 10545.

Court of Civil Appeals of Texas. Galveston.
Jan. 13, 1938.

Rehearing Denied Feb. 3, 1938.

Ralph Walton and Quinton Wright, both of Houston, for appellant.

Royston & Rayzor, of Houston (Robert Eikel, Jr., of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal is from a judgment of the Eleventh district court of Harris county, entered non obstante veredicto, pursuant to R.S. art. 2211, as amended by Acts 1931, c. 77, § 1, Vernon's Ann.Civ.St. art. 2211, wherein the appellant, a police officer for and under employment of the city of Houston at the time, was denied any recovery of damages against the appellee steamship company for its alleged negligence in having improperly left a dolly truck and steel plate out on the platform at night of one of the city's docks at the Houston turning basin, which was under the control of the steamship company as the city's lessee, into which steel plate he ran his motorcycle and was injured; the decree contains this recitation:

"Thereupon the Defendant submitted to the Court its motion for entry of judgment non obstante veredicto, notice of said motion being duly given to counsel for Plaintiff, and counsel for Plaintiff and counsel for Defendant having appeared before said Court and hearing upon said motion being had.

"The Court is of the opinion that the motion for a peremptory-instruction should have been granted, and that the Defendant is entitled as a matter of law to a judgment in this case, notwithstanding the verdict rendered.

"It is therefore ordered, adjudged and decreed by the Court that the Plaintiff, J. D. Walters, Jr., do have and recover of and from the Defendant, Southern Steamship Company, a Corporation, nothing, and that the Defendant Southern Steamship Company, a Corporation, do have and recover of and from the Plaintiff all costs in this behalf expended."

In this court appellant raises procedural objections to such entry of the judgment to the effect that the appellee's motion therefor—which in substance recited that due notice had been given opposing counsel thereof, and that the court should have granted appellee's motion theretofore made for an instructed verdict in its behalf— was neither sufficient to confer jurisdiction upon the court to so act, nor did it support or authorize the ignoring of the jury's verdict, which had been favorable to the appellant's claims of negligence; nor did it make any showing whatever, either as to why such verdict had been ignored as a whole, or as to which ones of the issues submitted to the jury had been set aside as having been without evidence to support them.

These presentments are overruled as being without merit; not only was the judgment itself in proper form for one of that character, as the quotation thereof makes manifest, but the motion invoking it was likewise so, having been in writing, reasonable notice of its filing having first been given counsel for the appellant, and having prayed for entry of judgment in appellee's favor for the specifically-stated reason that the court should have granted its prior motion for an instructed verdict —all material and substantive requirements of R.S. art. 2211, as amended, Vernon's Ann. Civ.St. art. 2211, having thus been complied with. In this instance that proviso in the cited statute, upon which the appellant relies, to the effect that "the court may, upon like motion and notice, disregard any special issue jury finding that had no support in the evidence," was not involved; in other words, the appellee prescribed under the preceding proviso only—that is, that a directed verdict in its favor would not only have been proper, but was imperatively required; that sufficiently invoked the court's jurisdiction. Hines v. Park,

Tex.Com.App., 96 S.W.2d 970; Johnson v. Moody, Tex.Civ.App., 104 S.W.2d 583.

■■ So that the only question of substantive law the appellant raises is whether or not, on the pleadings and evidence presented, a directed verdict for the appellee in the first instance would have been proper, as well as whether the succeeding judgment notwithstanding the adverse verdict was likewise so; it is this court's conclusion that the learned trial court was right in finally so acting, in that the evidence before it conclusively if not in fact undisputedly showed that the appellant—although a motorcycle police officer on duty for the city of Houston—was at the time and place of the accident and injury on the leased premises of the appellee in no better position than that of a mere licensee, hence that the steamship company owed him as such no legal duty of care, nor could it be held to have been negligent toward him in so leaving the complained of appliance there. Galveston Oil Co. v. Morton, 70 Tex. 400, 7 S.W. 756, 8 Am. St.Rep. 611; Wimberly v. Gulf Production Co., Tex.Civ.App., 274 S.W. 986; McGinty v. Texas Power & Light Co., Tex.Civ. App., 71 S.W.2d 354; City of Greenville v. Pitts, 102 Tex. 1, 107 S.W. 50, 14 L.R. A.,N.S., 979, .132 Am.St.Rep. 843; Slough v. W. G. Ragley Lumber Co., Tex.Civ.App., 76 S.W. 779.

■ It follows from the preceding determination that findings of the jury, visiting the consequences of negligence upon the appellee notwithstanding, were immaterial, hence could form no proper basis for an adverse judgment. Old River Co. v. Barber, Tex.Civ.App., 210 S.W. 758; American Ry. Express Co. v. Silverstein-Schlossberg Co., Tex.Civ.App., 271 S.W. 242; Missouri-K.-T. Ry. Co. v. Cheek, Tex. Civ.App., 18 S.W.2d 804; Long v. McCoy, Tex.Civ.App., 294 S.W. 633.

■ It would serve no needful purpose either to detail or to attempt a comprehensive résumé of this evidence the trial court so held required a final judgment in the appellee's favor; suffice it to say that appellant's contention that he was on its premises that night in response to an invitation of the appellee to be there—pursuant to its having asked the city for police protection against the occurrence of violence on those docks, in response to which police were subsequently sent there, was clearly shown to be erroneous—that request having· been in fact declined at the time and the police having later been sent to the place, not in response to appellee's request, but on the initiative of the authorities to protect people and property over a wide area of territory from violence at the hands of strikers; furthermore, the appellee at all times objected to and protested against the use of its loading platforms, where this accident occurred at night, for motorcycles and by motorcycle policemen, which protest the sergeant in control of the other policemen serving in that place agreed to respect, specifying that he would only so use those places in case of emergencies, which did not exist at the time in question.

Further discussion is foreborne, since these conclusions determine the merits of the appeal; the judgment will therefore be affirmed.

Affirmed.

· PLEASANTS, C. J., absent.