Strafford,
No. 4610.

JOHN A. DAVY *v.* VERNON E. GREENLAW & a.

Argued October 1, 1957.

Decided November 5, 1957.

*Fisher, Parsons & Moran (Mr. Moran* orally), for the plaintiff.

*Burns, Calderwood, Bryant & Hinchey (Mr. Hinchey* orally), for the defendants.

WHEELER, J. The basis of the plaintiff's claim is that the defendants owed him a duty at common law as well as under the statute (RSA 155:9) to maintain the fire escape in a safe condition. At common law policemen and firemen, by the great weight of authority, are held to have only the rights of mere licensees to whom the property owner if he knows of their presence owes only a duty to warn of dangers of which he knows and which are not open to ordinary observation. Prosser, Torts (2d *ed.*) 461. See *Smith* v. *Company*, 83 N. H. 439. We see no reason to depart from this

well-established rule which does not permit recovery in this case.

RSA 155:9 provides, "No hotel, inn, lodging or boarding house or institution, in which rooms above the second story are occupied or used for sleeping purposes, and no building more than two stories in height used or occupied above the second story as a school, theatre, hall for public assembly, factory, mill, shop, apartment or tenement house, shall be let, leased, or occupied for such purposes unless provided with safe and adequate fire escapes consisting of metal stairways, with metal balconies, attached to the outer wall in such manner and place as to render egress from such building easy and safe. All windows opening upon such fire escapes shall be of wired glass."

Consideration, therefore, must be given to the application of the statute and whether the plaintiff was a member of a class entitled to its benefit and to a right of action arising from a violation thereof. 38 Am. Jur., Negligence, ss. 164, 165. In *Flynn* v. *Gordon*, 86 N. H. 198, 200, the court said: "The violation of a statute or ordinance becomes an actionable wrong only when the consequences contemplated by the provision in question have actually resulted from its violation. If none of the consequences which the enactment was designed to guard against have resulted from its breach, such a breach does not constitute an actionable wrong even though some other injurious consequence has resulted. It is not enough for a plaintiff to show that the defendant neglected a duty imposed by statute and that he would not have been injured if the duty had been performed. He must go further and show that his injury was caused by his exposure to a hazard from which it was the purpose of the statute to protect him." See *Martin* v. *Kelley*, 97 N. H. 466, 469.

The statute, *supra*, provides that fire escapes shall be constructed in such a manner "as to render egress from such building easy and safe." The primary purpose of the statute was to provide a safe means of exit for the occupants of the building in case of fire. The plaintiff, by virtue of his office, was rightfully upon the fire escape but the statute, if applicable to the defendants' building did not require that the fire escape be kept safe for the purpose for which the plaintiff was using it.

In *Aldworth* v. *F. W. Woolworth Co.*, 295 Mass. 344, recovery was denied a fireman who was injured while standing on a defective fire escape fighting a fire in an adjacent building. The basis for the action was the alleged violation of a statute relating to fire escapes.

The court said (*p.* 347) the fire escape was intended for the use of occupants of the building in case of danger from fire and that: "The statute does not transform a licensee into an invited person or create a liability for negligence where, as here, no such liability exists apart from the statute." See also, *Landers* v. *Brooks*, 258 Mass. 1; *Wynn* v. *Sullivan*, 294 Mass. 562; *Carroll* v. *Hemenway*, 315 Mass. 45.

We are of the opinion that the protection of the statute (RSA 155:9) does not extend to the plaintiff. *Flynn* v. *Gordon*, *supra*; *Clark* v. *Railroad*, 78 N. H. 428.

*Demurrer sustained.*

All concurred.