STEWART B. NEWTON, APPELLANT v. NEW HANOVER COUNTY BOARD OF EDUCATION, APPELLEE

No. 935SC819

(Filed 17 May 1994)

1. **Negligence § 51 (NCI4th) — police officer — response to silent alarm — invitee**

    A police officer who went to a high school field house in response to a silent alarm was an invitee rather than a licensee while on the school premises since the officer entered the school property at the school board's implied invitation to perform a service which was of benefit to the board. Therefore, the school board owed the officer the duty to use due care to keep its property reasonably safe and to warn of hidden perils or unsafe conditions that could be ascertained by reasonable inspection.

    **Am Jur 2d, Premises Liability §§ 87 et seq.**

    **Modern status of rules conditioning landowner's liability upon status of injured party as invitee, licensee, or trespasser. 22 ALR4th 294.**

2. **Negligence § 42 (NCI4th) — police officer — invitee — fall on stairway — negligence of school board**

    Plaintiff police officer's evidence was sufficient to support a jury verdict finding negligence by defendant board of education where it tended to show that plaintiff went to a high school field house owned by defendant in response to a silent alarm; plaintiff fell and was injured while attempting to descend an outside stairway at the field house; the slope of the

stairway exceeded a safe slope, and the stairway was inherently dangerous; and the stairway had remained in the same condition for many years so that defendant had constructive, if not actual, knowledge of the dangerous condition but failed to correct it.

**Am Jur 2d, Premises Liability §§ 583 et seq., 815 et seq.**

**Tort liability of public schools and institutions of higher learning for injuries due to condition of grounds, walks, and playgrounds. 37 ALR3d 738.**

3. **Negligence § 109 (NCI4th)— stairway at high school—fall by police officer—former student at school—no contributory negligence**

Plaintiff police officer who went to a high school field house in response to a silent alarm was not contributorily negligent as a matter of law when he fell while descending a dangerous stairway outside the field house because he had frequently been in the field house while he was a student and since he had finished high school some seven years earlier.

**Am Jur 2d, Premises Liability §§ 786, 790.**

Judge JOHNSON dissenting.

Appeal by plaintiff from judgment entered 5 March 1993 by Judge Judson D. DeRamus, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 18 April 1994.

Plaintiff brought suit to recover for injuries sustained at New Hanover High School, property owned by defendant New Hanover Board of Education. In 1989, plaintiff was working as a uniformed patrol officer for the City of Wilmington Police Department. On the evening of 6 June 1989, plaintiff and his partner, Officer Sheehy, were dispatched to the high school field house in response to a silent alarm. After arriving at the field house, Officer Sheehy investigated the west end of the building while plaintiff investigated the east end. After checking the doors at ground level, plaintiff climbed an outside stairway that led to the second floor of the field house. Plaintiff described the stairway as being 13 to 14 inches from the wall of the building. There was no handrail on the building side of the staircase, but there was a handrail on the side of the stairs away from the building. Another rail ran parallel to the handrail. The handrail had three vertical supports, one each at

NEWTON v. NEW HANOVER COUNTY BD. OF EDUCATION

[114 N.C. App. 719 (1994)]

the top and bottom of the stairs and the other at the midway point. The rails and the supports were made of angle iron.

As plaintiff began to climb the stairs, he held a flashlight in his left hand and held the handrail with his right hand. When he reached the door at the top, he found that it was locked. He called Officer Sheehy and reported that his side of the building was secure.

Plaintiff then began to descend the stairs. The stairs were too narrow to permit an entire adult foot to be placed on a step, so plaintiff turned his body to the side in order to get more of his foot on each step.

As he went down the stairs he shifted the flashlight to his right hand and placed his left hand on the handrail. He shined the flashlight at the steps. At some point while descending, plaintiff fell back onto his buttocks and began sliding down the steps.

As plaintiff fell, his left hand came off the handrail and landed on the lower horizontal rail. He slid until his left hand became caught in the angle formed by the lower horizontal rail and the vertical support midway down the staircase. His body continued to slide down the stairs until his arm was fully extended. His fall was stopped by the little finger of his left hand wedging into the angle of the horizontal rail and vertical support.

As a result of the fall, plaintiff's left wrist, hand and fifth finger were injured. He received medical treatment for injury to his finger and arm, and continues to suffer a 55 percent permanent physical impairment of his left fifth finger. Plaintiff was 26 years old at the time of the injury.

The parties stipulated that plaintiff suffered injury on the night of 6 June 1989, and incurred medical expenses in the amount of $1,233.41 through 18 October 1989. Because of his injuries, plaintiff lost wages in the amount of $1,856.57, and received $5,086.67 in workers compensation benefits.

At trial, plaintiff introduced the deposition of engineer Daniel M. Aquilino. Aquilino stated that in his opinion, the slope of the staircase exceeded a safe slope. Aquilino testified that the risk of falling on the stairs in question was much greater than the risk of falling on stairs constructed in accordance with good engineering practices and prevailing building codes.

In its charge to the jury, the trial court instructed the jury that plaintiff was an invitee on the premises of the defendant at the time of the injury, and therefore defendant owed plaintiff a duty to exercise reasonable care to keep its premises in a reasonably safe condition.

On 5 March 1990, the jury returned a verdict for plaintiff in the amount of $20,000. Defendant then moved for judgment notwithstanding the verdict. The trial court granted this motion, holding that the evidence showed as a matter of law that plaintiff was a licensee rather than an invitee at the time of the injury, and that no evidence was presented to show that defendant violated the duty owed to a licensee. The court further stated that the evidence demonstrated as a matter of law that plaintiff was contributorily negligent. From this judgment, plaintiff now appeals.

*William H. Dowdy and John K. Burns for plaintiff-appellant.*

*Crossley McIntosh Prior & Collier, by Francis B. Prior and Sharon J. Stovall, for defendant-appellee.*

WELLS, Judge.

In allowing defendant's motion for judgment notwithstanding the verdict, the trial court made these findings:

The Undersigned hereby finds that evidence presented in this case discloses as a matter of law that the plaintiff was a licensee as opposed to an invitee at the time of the injury on the defendant's premises. The Undersigned also finds that there was no evidence presented that defendant violated the duty owed to a licensee;

The Court also finds that if the plaintiff were an invitee on the premises of the defendant at the time of the injury, the Court finds as a matter of law that there was insufficient evidence of negligence on part of the defendant for the issue to be submitted to the jury;

The Court also holds that the evidence presented in this case demonstrates as a matter of law that the plaintiff was contributorily negligent;

. . .

Plaintiff argues that the trial court erred in holding that he was a licensee at the time of the accident and finding that he was contributorily negligent; therefore, the trial court's order grant-

ing defendant's motion for judgment notwithstanding the verdict should be reversed. We agree.

In considering a motion for judgment notwithstanding the verdict, the trial court must consider the evidence in the light most favorable to the nonmovant and may grant the motion only if the evidence is insufficient to justify a verdict for the nonmovant. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E.2d 897 (1974). Any conflicts in the evidence must be resolved in the nonmovant's favor, and the nonmovant must be given the benefit of every inference which can reasonably be drawn in his favor. *Daughtry v. Turnage*, 295 N.C. 543, 246 S.E.2d 788 (1978). Upon reviewing a trial court's decision upon a motion for judgment notwithstanding the verdict, an appellate court is presented with "the identical question which was presented to the trial court by defendant's motion . . ., namely, whether the evidence, when considered in the light most favorable to plaintiff, was sufficient for submission to the jury." *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E.2d 396 (1971). In a negligence action, if the evidence, when viewed in the light most favorable to the plaintiff and giving him the benefit of all permissible inferences from it, tends to support all essential elements of actionable negligence, then it is sufficient to survive the motion to nonsuit. *Lake v. Express, Inc.*, 249 N.C. 410, 106 S.E.2d 518 (1959).

[1] We first address plaintiff's contention that the trial court erred by holding that he was a licensee at the time of the accident. The standard of care owed to plaintiff by defendant depends upon whether plaintiff was a licensee or invitee. *Mazzacco v. Purcell*, 303 N.C. 493, 279 S.E.2d 583 (1981). Our Supreme Court has discussed the distinction between the status of licensee and invitee:

> The distinction between an invitee and a licensee is determined by the nature of the business bringing a person to the premises. A licensee is one who enters on the premises with the possessor's permission, express or implied, solely for his own purposes rather than the possessor's benefit. An invitee is a person who goes upon the premises in response to an express or implied invitation by the landowner for the mutual benefit of the landowner and himself. *Mazzacco v. Purcell, supra.* (Emphasis added.)

In the case *sub judice*, plaintiff went to defendant's property in response to a silent alarm. Plaintiff entered defendant's premises

at defendant's implied request in order to perform a service beneficial to defendant and not for his own pleasure, interest or benefit.

Defendant argues that plaintiff should be considered a licensee because public policy considerations prohibit a police officer from recovering from a property owner when the officer entered the premises in the course of performing his duty and was injured by the condition which required his presence. We note, however, that plaintiff was injured not as a result of a risk incident to the performance of his duties as a police officer, but from a condition of the premises which plaintiff's evidence tended to show was inherently dangerous. Since plaintiff entered defendant's property at defendant's implied invitation to perform a service which was of benefit to defendant, we conclude that plaintiff entered defendant's premises as an invitee.

A defendant property owner owes an invitee the duty to use ordinary care to keep his property reasonably safe and to warn of hidden perils or unsafe conditions that could be ascertained by reasonable inspection. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992). In order to recover, an invitee must show that the property owner either negligently created the condition that caused the injury or that the owner failed to correct the condition after receiving actual or constructive notice of its existence. *Id.*

[2] When viewed in the light most favorable to plaintiff (non-movant), the evidence at trial tended to show that the stairs at the field house were inherently dangerous. Plaintiff testified that since he had graduated from New Hanover High School in 1982, until the time of his injury in 1989, he had observed no changes in the stairs. Thus, the stairs had remained in the same condition for many years. The evidence, when viewed in the light most favorable to plaintiff, shows that defendant had constructive, if not actual, knowledge of the dangerous condition of the stairs and negligently failed to correct the situation.

[3] Plaintiff also argues that the trial court erred in granting defendant's motion for judgment notwithstanding the verdict based on its finding that plaintiff was contributorily negligent. The evidence at trial established that plaintiff had attended New Hanover High School and that he had frequently been in the field house while he was a student and since he had finished high school in 1982.

NEWTON v. NEW HANOVER COUNTY BD. OF EDUCATION

[114 N.C. App. 719 (1994)]

A plaintiff is contributorily negligent when he fails to exercise such care as an ordinary prudent person would exercise under the circumstances in order to avoid injury. *Smith v. Fiber Controls Corp.*, 300 N.C. 669, 268 S.E.2d 504 (1980). Plaintiff entered defendant's premises in response to a silent alarm. He went to the top of the stairs in order to make sure that the building was secure. Once plaintiff was at the top of the stairs, he had no choice but to come down. Plaintiff testified that he made a conscious effort to use care as he descended the stairs. The determination of whether plaintiff exercised the care of an ordinary prudent person under all the attendant circumstances was a determination properly before the jury, and the jury's finding that plaintiff was not contributorily negligent was supported by the evidence at trial. Thus, the trial court erred in holding that plaintiff was contributorily negligent as a matter of law.

For the reasons stated above, we reverse the trial court's order granting defendant's motion for judgment notwithstanding the verdict and remand this case to the trial court for entry of judgment for plaintiff in accordance with the jury's verdict.

Reversed and remanded.

Judge JOHNSON dissents.

Judge JOHN concurs.

Judge JOHNSON dissenting.

I respectfully dissent in this case of first impression. As a police officer entering defendant's property in response to a silent alarm, plaintiff's status fits neither the definition of an invitee or a licensee.

Our Courts have stated:

> The distinction between an invitee and a licensee is determined by the nature of the business bringing a person to the premises. A licensee is one who enters on the premises with the possessor's permission, express or implied, *solely for his own purposes* rather than the possessor's benefit. An invitee is a person who goes upon the premises in response to an express or implied invitation by the landowner for the mutual benefit of the landowner and himself.

*Martin v. City of Asheville*, 87 N.C. App. 272, 274-75, 360 S.E.2d 467, 469 (1987) (emphasis retained), *quoting Mazzacco v. Purcell*, 303 N.C. 493, 279 S.E.2d 583 (1981).

The police officer herein does not neatly fit the status of a licensee, "one who enters on the premises with the possessor's permission, express or implied, solely for his own purposes rather than the possessor's benefit," because the police officer is not entering the premises solely for his own purposes, rather than the school's benefit. The police officer clearly is not an invitee, "a person who goes upon the premises in response to an express or implied invitation by the landowner for the mutual benefit of the landowner and himself," because the police officer does not intend to benefit himself by going onto the school's premises; rather, the police officer intends to benefit the landowner and the public. I believe that the predominant "nature of the business bringing [the police officer] to the premises" herein is the officer's duty, as a law enforcement officer, to carry out the responsibilities of his job. A police officer is one who enters the premises of a property owner under the authority of law. On the facts herein, the police officer is entering the school property for the benefit of the public, to maintain civil order and to promote the public welfare.

Therefore, in determining the duty the property owner owes to the police officer, I believe plaintiff's status more closely resembles that of a licensee. As a "quasi-licensee," defendant's duty to plaintiff was to refrain from wilful and wanton conduct, as enumerated in *Wagoner v. R.R.*, 238 N.C. 162, 77 S.E.2d 701 (1953).

I note the following persuasive reasoning in *Burroughs Add. Mach. Co. v. Fryar*, 132 Tenn. 612, 179 S.W. 127 (1915), where a police officer was injured while investigating an open door in an establishment. The Court opined:

> [T]he officer is a mere licensee[.] . . . Under such circumstances, a policeman . . . goes on the premises by permission of the law. In the discharge of his duty to the public he may enter upon the premises in disregard of the owner's wishes. He is not an invitee. He may enter whether the property owner is willing or unwilling, and his right to enter does not depend on the property owner's invitation, express or implied, but his entry is licensed by the public interest[.]

179 S.W. at 128. Several other jurisdictions have similarly held that police officers entering premises in the discharge of their duties have the status of licensees. *See Louisville & N. R. Co. v. Griswold*, 241 Ala. 104, 1 So.2d 393 (1941); *Hall v. Holton*, 330 So.2d 81 (Fla. 1976), *cert. denied*, 348 So.2d 948 (1977); *London Iron & Metal Co., Inc. v. Abney*, 245 Ga. 759, 267 S.E.2d 214 (1980); *Pincock v. McCoy*, 48 Idaho 227, 281 P. 371 (1929); *Sherman v. Suburban Trust Co.*, 282 Md. 238, 384 A.2d 76 (1978); *Nared v. School Dist. of Omaha in Douglas County*, 191 Neb. 376, 215 N.W.2d 115 (1974); *Davy v. Greenlaw*, 101 N.H. 134, 135 A.2d 900 (1957); *Scheurer v. Trustees of Open Bible Church*, 175 Ohio St. 163, 192 N.E.2d 38 (1963); *Kithcart v. Feldman*, 89 Okla. 276, 215 P. 419 (1923); *Cook v. Demetrakas*, 108 R.I. 397, 275 A.2d 919 (1971); *Walters v. Southern S.S. Co.*, 113 S.W.2d 320 (Tex. 1938).

I would affirm the decision of the trial court.