[Civ. No. 4300. First Appellate District, Division Two.—September 19, 1922.]

## RACHEL SIEGMAN et al., Respondents, v. EMMA FETTERS et al., Appellants.

[1] NEGLIGENCE—FALL ON THEATER RUNWAY—VERDICT — EVIDENCE.— In an action for personal injuries received by falling on an inclined wooden walk which was the means of entering and leaving a theater operated by defendants, the claim that the verdict against defendants is not warranted by the evidence is without merit where there is testimony to warrant the jury in believing that there was a broken slat on the runway, that such condition was known to defendants, and that the fall was due to such defective condition.

[2] ID.—MAINTENANCE OF RUNWAY—CARE BY USER.—The injured party was not required to examine each separate slat before treading upon it, since she was only required to exercise ordinary care, and the duty of the defendants was to keep the approach to their place of business reasonably safe for those having occasion to use it.

---

1. Liability of one maintaining place of amusement to which the public are invited for safety of patrons, notes, 5 Ann. Cas. 926; Ann. Cas. 1918E, 1073; 1 L. R. A. (N. S.) 427; L. R. A. 1915F, 690.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmet Seawell, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. F. Cowan for Appellants.

Brownstone & Goodman for Respondents.

LANGDON, P. J.—This is an appeal by the defendants from a judgment rendered on a verdict of a jury in favor of plaintiffs for the sum of five hundred dollars, damages alleged to have been caused by reason of the injury of Rachel Siegman, due to the negligence of defendants. Plaintiffs are husband and wife, as are defendants.

Defendants operated a hotel, moving picture house, and summer resort at Fetters Hot Springs, Sonoma County, California. On August 14, 1920, the plaintiff Rachel Siegman had attended the moving picture theater operated by the defendants. As she was leaving the building at about half-past 9 in the evening, and proceeding along an inclined wooden walk extending from a platform in front of the theater, which walk was the means of entering and leaving said theater, she slipped and fell on said walk. It is alleged that said walk was improperly and negligently constructed and maintained by said defendants in that certain slats nailed on said walk were loose and broken and not properly affixed to said walk and that as a result thereof said plaintiff was not able to maintain her footing and fell to the ground.

[1] Appellants complain of no errors in the proceedings before the trial court, but assert that the verdict is not warranted by the evidence. The point is without merit. There is a conflict in the evidence, it is true, but the testimony of Rachel Siegman, together with that of Francis Campbell, a ticket taker at the theater, was such as to warrant the jury in believing that there was a broken slat on the runway, leaving the edges of the slat where the break occurred rough and uneven; that such condition was known to the defendants and that plaintiff's fall was due to this defective condition of the runway.

[2]    As to the contributory negligence of the plaintiff, Rachel Siegman, the jury was also the judge. She testified that she was watching where she was going; that her sight was good; that she did not examine each separate slat before treading upon it. We think she was not required to do this. She was required only to exercise ordinary care, and the duty of the defendants was to keep the approach to their place of business reasonably safe for those having occasion to' use it. (*Long* v. *Breuner Co.,* 36 Cal. App. 630 [172 Pac. 1132].).

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.