[Civ. No. 7059. First Appellate District, Division Two.—December 6, 1929.]

RAYMOND ROACH et al., Respondents, v. WELLS FARGO BANK & UNION TRUST COMPANY (a Corporation), Appellant.

Hadsell, Sweet & Ingalls for Appellant.

Ford, Johnson & Bourquin and Ford & Johnson for Respondents.

STURTEVANT, J.—The plaintiffs are husband and wife. The wife joined her husband and commenced an action to recover damages for personal injuries. The defendant answered, and a trial was had before the court sitting with a jury. The jury returned a verdict in favor of the plaintiffs, and from the judgment entered thereon the defendant has appealed.

In the complaint it is alleged that the defendant is a corporation and that it owns and operates an office building at the corner of Montgomery and Market Streets in San Francisco; that on the nineteenth day of March, 1926, it maintained on the tenth floor of said building a rest-room for the general use and benefit of women who had occasion to use the facilities of said building; " . . . that on said date said defendant Wells Fargo Bank & Union Trust Company, a corporation, negligently and carelessly maintained the entrance to said rest-room in this: that entrance to said rest-room was gained from the hallway on said tenth floor of said office building through a doorway in which said doorway was hung a solid panel door, which said door opened

inwards from said hallway into said rest-room; that immediately inside of the threshold of said doorway was a step about five inches in height down which all persons entering said rest-room from said hallway would be compelled to step; that by reason of the construction of said doorway and said step it was impossible for any person not familiar with said construction of said doorway and said step to know of the existence of said step located immediately inside of the threshold of said doorway and immediately inside of said door as aforesaid.'' That on the nineteenth day of March, 1926, Clara J. Roach had occasion to call on one of the tenants in said building and while in said building to visit said rest-room; that she did not know of the construction nor of the existence of said step; that she attempted to pass through the doorway into said rest-room and in so attempting she fell to the floor inside of said rest-room and suffered the injuries for which she asked damages. The defendant answered, and among other things pleaded the contributory negligence of the said Clara J. Roach.

Both parties agree that under the facts the defendant owed to the plaintiffs the duty to exercise reasonable care to keep its premises safe, but the defendant asserts that the plaintiffs failed to prove any negligence on the part of the defendant, that is, that the defendant omitted to exercise reasonable care. In making this assertion the defendant fails to appreciate the force and effect of the evidence produced by the plaintiffs. To prove their case the plaintiffs called witnesses and elicited such evidence as showed the accident. They also introduced evidence which showed the exact manner in which the door, the step and the surroundings were constructed. Having done so they called Wallace H. Hubert, an architect. They proved his experience in building and his familiarity with the construction of a great many office buildings in and about San Francisco, and they also proved that he had made an examination of the identical door and step that is involved in this litigation. That witness testified that the customary method of construction under the circumstances involved in this case was to construct a platform on the inside of the door; that it is customary to have a platform at least the width of the stairway; that a platform seven and one-half inches wide

would not be good construction, but would be very poor construction; it would not be the customary and usual construction, and the construction of this particular door and step is not customary. After this testimony had been given there was sufficient evidence to warrant the trial court in submitting the question of negligence to the jury. (*Long* v. *John Breuner Co.*, 36 Cal. App. 630 [172 Pac. 1132].)

▪ The defendant claims that the plaintiff Clara J. Roach was guilty of contributory negligence. This attack rests upon the contention that Mrs. Roach was looking directly ahead and did not look down at the floor, and if she had looked down she would have been able to see that there was a variation in levels between the outside room and the inside room. All of these matters in the instant case presented questions of fact which were properly left to the jury. (*Long* v. *John Breuner Co.*, *supra; Siegman* v. *Fetters*, 59 Cal. App. 114 [210 Pac. 49].)

▪ In short, *Long* v. *John Breuner Co., supra,* is determinative of both questions presented in this case. In so holding we have not overlooked the fact that it has been held that a door between two apartments is a warning to those entering who were not acquainted, to ascertain whether the floors of the two adjoining apartments are on the same level. (*Hertz* v. *Advertiser Co.*, 201 Ala. 416 [L. R. A. 1918F, 137, 78 South. 794], and cases there cited; *Main* v. *Lehman*, 294 Mo. 579 [243 S. W. 91].) Assuming, without deciding, that the door was a warning of change of levels, the plaintiff could assume the change was properly constructed. (*Madigan* v. *O. A. Hale & Co.*, 90 Cal. App. 151 [265 Pac. 574].)

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

. A petition for a rehearing of this cause was denied by the District Court of Appeal on January 2, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 13, 1930.