[Civ. No. 11616.   First Dist., Div. One.   Dec. 29, 1941.]

MARIE L. THOMPSON, Respondent, v. THE B. F. GOOD-
RICH COMPANY (a Corporation), Appellant.

Myrick & Deering and Scott and James Walter Scott for Appellant.

M. Mitchell Bourquin and Clinton L. Markley for Respondent.

KNIGHT, J.—The defendant, the B. F. Goodrich Company, operates a place of business on the corner of Eleventh and Howard Streets in San Francisco, consisting of an open space into which automobiles may be driven for service, and an adjoining salesroom and office wherein said company displays its products and transacts its office affairs. Between ten and eleven o'clock on the morning of November 22, 1939, the plaintiff, Marie L. Thompson, drove her car into the open service area to purchase and have installed two new tires. She left the car in charge of a company attendant and walked over to and entered the salesroom and office to pay for the tires. Upon opening the door she took a step or two forward and then turned to the left to approach a group of salesmen standing near the office counter. In doing so she tripped and fell headlong over a low, unguarded wooden platform, fracturing both bones of her left arm at the wrist, and sustaining other personal injuries less severe. Before plaintiff tripped and fell she was unaware of the presence of the platform. It was 11½ inches above the surface of the floor, the same color as the floor, and according to plaintiff's evidence, there was nothing on the platform to call attention to it. She sued for damages, and was awarded a verdict of $5478.10, and from the judgment entered thereon the defendant company appeals.

The trial court denied defendant's motions for a nonsuit and a directed verdict, and the rulings are assigned as error. Summarized, the grounds urged in support of the motions were insufficiency of the evidence to support an affirmative finding as to the unsafe condition of the aisle or passageway; and that if there was any danger presented by the presence of the platform it was an obvious one, and that therefore plaintiff was guilty of contributory negligence as a matter of law. It is our conclusion that the cause was properly submitted to the determination of the jury, and that its verdict finds ample evidentiary support.

The doorway through which plaintiff entered the salesroom is in the easterly wall at the extreme northeasterly corner of the room. The door is 35 inches wide, and swings

inward to the right against the northerly wall; and the platform is on the left side of the doorway. The end of the platform over which plaintiff tripped and fell starts from the easterly wall at a point 7 inches to the left of the doorway, and runs thence westerly parallel with the northerly wall and into the salesroom for a distance of 47 inches. There is a large window set in the easterly wall which extends down to the level of the platform; and in the door through which plaintiff entered there is a pane of glass which extends down to within 15 inches of the floor. Along the northerly wall there is a large, long tire rack 10 feet high, the easterly end of which stands opposite and about 7 feet from the doorway through which plaintiff entered; and evidence was introduced by plaintiff showing that at the easterly end of the tire rack nearest the door and about the same width as the tire rack there stood an easel-like advertising display rack 53 inches high, leaving an open floor space of 35 inches between the bottom of the advertising rack and the corner of the platform. Plaintiff is a widow, and was 73 years old at the time of the accident. When she entered the salesroom she was wearing bifocals, and was carrying her purse under her arm, and a pen and check book in her hand. She testified that upon passing through the door she was confronted with the advertising rack, which was immediately in front of her, about 2½ feet away; and that in order to avoid said rack and reach the office counter where the company's employees were standing, she turned to the left, took but one step, and fell over the platform. Defendant's employees testified that the advertising rack was not there at the time of the accident, and some of them testified that they had never seen any such rack. However, plaintiff positively testified as to the presence of the rack at the time of the accident, and produced a witness who testified that two days after the accident (the intervening day being a holiday, Thanksgiving) the rack was still there. Defendant also introduced photographs and testimony from which it appears that there were several tires displayed on the platform near the door through which plaintiff entered; but plaintiff emphatically testified that no such tires were there at the time of the accident.

The general rule is that one who during business hours lawfully enters a store to purchase goods does so at the implied invitation of the owner, upon whom the law imposes the duty of exercising ordinary care and prudence to keep

the aisles and passageways, in and through which by their location and arrangement a customer in making his purchases is induced to go, in a reasonably safe condition so as to not unnecessarily expose him to danger or accident. (*Brinkworth* v. *Sam Seelig Co.*, 51 Cal. App. 668 [197 Pac. 427] ; *Hodge* v. *Weinstock, Lubin & Co.*, 109 Cal. App. 393 [293 Pac. 80] ; *Oles* v. *Kahn Bros.*, 81 Cal. App. 76 [253 Pac. 158]. ▮ And as frequently declared by the courts, negligence is a question of fact for the jury, even when there is no conflict in the evidence, if different conclusions upon the subject can be rationally drawn from the evidence. (*Brinkworth* v. *Sam Seelig Co., supra,* citing *Wahlgren* v. *Market St. Ry. Co.*, 132 Cal. 656, 663 [62 Pac. 308, 64 Pac. 993].) ▮ Here the evidence is such that not only may different conclusions be rationally drawn therefrom, but as will be noted it presents definite conflicts on two material issues. Therefore, under the rule declared in the following cases, the cause was properly submitted to the determination of the jury; and since the evidence supports its conclusion its verdict is controlling on appeal. (*Walsh* v. *Maurice Mercantile Co.*, 20 Cal. App. (2d) 45 [66 Pac. (2d) 181] ; *Williamson v. Hardy,* 47 Cal. App. 377 [190 Pac. 646] ; *Brinkworth* v. *Sam Seelig Co., supra*; *Oles* v. *Kahn Bros., supra*; *Moffitt* v. *Ford Motor Co.*, 135 Cal. App. 7 [26 Pac. (2d) 661] ; *Touhy* v. *Owl Drug Co.*, 6 Cal. App. (2d) 64 [44 Pac. (2d) 405] ; *Hodge* v. *Weinstock, Lubin & Co., supra.*) The case last cited, like this one, involved a fall over an unseen platform, and the court held that upon the evidence presented the question of the negligence of the defendant was properly submitted to the jury.

▮ The basis of defendant's contention that plaintiff was guilty of negligence as a matter of law is that if she had looked she would have seen the platform. The same argument was advanced in a number of other cases, but it was held that the question of contributory negligence was one for the jury. For example, in *Walsh* v. *Maurice Mercantile Co., supra,* the court said in part: ''Conceding that if plaintiff had looked she might have seen the scale, nevertheless, in the circumstances she was reasonably justified in assuming that the aisle was unobstructed, and her failure to see it was not necessarily negligence. Different inferences might be drawn from the evidence. As held in the following cases, the question was one for the jury: *Gornstein* v. *Priver,* 64 Cal. App. 249 [221 Pac. 396] ; *Madigan* v. *[O. A.] Hale & Co.,* 90 Cal. App. 151 [265 Pac. 574] ; *Hodge* v. *Weinstock, Lubin*

& Co., 109 Cal. App. 393 [293 Pac. 80].'' Again in *Roach* v. *Wells Fargo Bank & Union Trust Co.*, 102 Cal. App. 380 [282 Pac. 967], the court said: ''The defendant claims that the plaintiff Clara J. Roach was guilty of contributory negligence. This attack rests upon the contention that Mrs. Roach was looking directly ahead and did not look down at the floor, and if she had looked down she would have been able to see that there was a variation in levels between the outside room and the inside room. All of these matters in the instant case presented questions of fact which were properly left to the jury. (*Long* v. *John Breuner Co.*, 36 Cal. App. 630 [172 Pac. 1132]; *Siegman* v. *Fetters*, 59 Cal. App. 114 [210 Pac. 49].)'' And in *Tuttle* v. *Crawford*, 8 Cal. (2d) 126 [63 Pac. (2d) 1128], the court used this language: ''Whether Mrs. Tuttle was negligent in presuming that the floor of appellants' store was in a safe and fit condition to be traversed by customers is a question about which there might well be a division of opinion among average persons, but it certainly cannot be said that the weight of opinion would so strongly preponderate on the side of negligence on the part of respondent as to take the question out of the realm of fact and transport it into a question of law.''

■ The complaint alleged that defendant carelessly and negligently maintained a low platform in close proximity to the entrance; and defendant contends that certain instructions given by the court ''broadened the issues made by the pleadings and were misleading'' and tendered an issue ''far beyond the charge made in the complaint,'' in that they dealt with the general proposition that it was defendant's duty to use ordinary care to keep the ''premises,'' including the floor, doorway, and aisles, in a reasonably safe condition. However, it appears from the record that the court gave an instruction proposed by defendant wherein the word ''aisle'' was employed three times; and all but one of the instructions defendant complains of used language which limited the issue of negligence to aisles, doorways and floor of the premises in, through, and over which by their location and arrangement a customer in making purchases is induced or invited to go. It is apparent, therefore, that defendant's point is not well taken. Nor is there any merit in the objections made to various other instructions. Defendant's criticism of instruction XXXV is answered by the decision in *Roach* v. *Wells Fargo Bank & Union Trust Co.*, *supra;* and instruction VII finds

support in *People* v. *Crandall,* 125 Cal. 129 [57 Pac. 785]. The remaining ones criticized are mostly commonplaces of the charge invariably given in negligence cases.

Further contention is made that the trial court erred in excluding proffered evidence to the effect that many persons had passed through the entrance, and nobody had ever fallen over the platform before. Even though it be held in some jurisdictions that such evidence is admissible, the rule has not been so adopted in California. (*City of Oakland* v. *Pacific Gas & Elec. Co.,* 47 Cal. App. (2d) 444 [118 Pac. (2d) 328].) Here it has been held that evidence of *previous accidents* similar in character may be admitted to charge one with the duty of anticipating a dangerous condition and of taking appropriate steps to avert the danger. (*McCormick* v. *Great Western Power Co.,* 214 Cal. 658 [8 Pac. (2d) 145, 81 A. L. R. 678]; *Continental Ins. Co.* v. *Pacific Greyhound Lines,* 43 Cal. App. (2d) Supp. 877 [111 Pac. (2d) 37]; *Gerberich* v. *Southern Cal. Edison Co.,* 26 Cal. App. (2d) 471 [79 Pac. (2d) 783]; *Wills* v. *Price,* 26 Cal. App. (2d) 338 [79 Pac. (2d) 406]; *City of Oakland* v. *Pacific Gas & Elec. Co., supra.*) But it has been definitely held that evidence of the *absence* of previous accidents at the same place is not admissible. (*Carty* v. *Boeseke-Dawe Co.,* 2 Cal. App. 646 [84 Pac. 267]; *Sheehan* v. *Hammond,* 2 Cal. App. 371 [84 Pac. 340].) As said in the recent case of *City of Oakland* v. *Pacific Gas & Elec. Co., supra:* "The absence of previous accidents should not and does not have a reasonable tendency to relieve a tort feasor from liability for the invasion of the rights of others or damage resulting therefrom, but such evidence is admissible in meeting a *prima facie* case under the doctrine of *res ipsa loquitur,* or a *plaintiff's* claim that an instrumentality had previously been used a reasonable number of times and found to be safe. (*Union Oil Co.* v. *Rideout,* 38 Cal. App. 629 [177 Pac. 196]; *Kahn* v. *Triest-Rosenberg Cap Co.,* 139 Cal. 340 [73 Pac. 164].)" (Italics ours.)

Furthermore, under the rule followed in this state, before testimony of this character may be received it must first be shown, or an offer made to show, that the conditions were similar. (10 Cal. Jur. 828; *Sellars* v. *Southern Pac. Co.,* 33 Cal. App. 701 [166 Pac. 599]; *Lim Ben* v. *Pacific Gas & Elec. Co.,* 101 Cal. App. 174 [281 Pac. 634].) In the present case defendant's counsel in response to a direct question pro-

pounded by the court conceded that he was not prepared to show that the easel-like advertising display was at any time in the place described by plaintiff, which she testified caused her to turn and she immediately fell over the platform which she had not observed. It would appear, therefore, that under the case last above cited, the evidence in any event was properly excluded.

█ Finally, appellant urges that the verdict was excessive. In this regard the record shows that as a result of the fall both bones of plaintiff's left arm were broken just above the wrist, the fracture being described by the doctor a "severe type" of "Colles fracture"; that she had many contusions of the leg, shin and knee, and suffered from shock. She was hospitalized four days, in bed three weeks at home and remained in bed three weeks more. She had a plaster cast on her hand and arm for eight weeks, and a splint for two weeks more. At the time of trial, she still had pain in the arm, and was unable to close her hand; she had no gripping strength, and there was a limitation of motion on pronation and supination (rotation) of the wrist; she could not hold a knife or use the hand in dressing; and her doctor testified that he was doubtful if this condition would improve. She was able to drive her car again shortly prior to the trial, but could not set the emergency brake. Even though the award could be deemed generous, it is the well settled law that courts are not authorized to set aside the award of damages made by the jury as excessive merely because the opinion of the court is at variance with that of the jurors. It is only where the excess appears as a matter of law, or where the recovery is so grossly disproportionate to any compensation reasonably warranted by the facts as to shock the sense of justice and raise at once a presumption that it is the result of passion, prejudice, or corruption, rather than honest and sober judgment, that the court may exercise this power. (8 Cal. Jur. 834, and cases cited.) There is nothing in the present case to justify such conclusion.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.

A petition for a rehearing was denied January 28, 1942, and appellant's petition for a hearing by the Supreme Court was denied February 26, 1942.                                    •