JOSEPH PERRONI *v.* THE SAVINGS BANK
OF TOLLAND.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued February 5—decided March 6, 1942.

*Charles H. Blackall,* for the appellant (defendant).

*Nathaniel Bergman,* for the appellee (plaintiff).

BROWN, J. In this action for damages for personal injuries suffered by the plaintiff in falling down the cellar steps of the defendant's building by reason of its negligence, the court rendered judgment for the

plaintiff and the defendant has appealed. The following material facts found by the court are not subject to correction: At the time of the plaintiff's fall the defendant was the owner in possession of a building on Main Street in Hartford at the rear of which was a hatchway containing a stairway of eleven steps leading into the cellar. The first step from the top was made of concrete and its tread, which was nine inches in width, was sixteen and one-half inches below the ground level. On this tread was a loose plank ten inches wide and two inches thick, reducing this distance to fourteen and one-half inches. The edge of the plank extended one inch beyond the edge of the tread. The next ten steps were of wood with treads ten inches wide. From the top of the plank to the top of the tread of the first wooden step was ten inches. From the top of this tread to the top of the tread next below was also ten inches. The riser of each of the other steps was eight and one-quarter inches with the exception of the bottom one which was ten inches measured from the cellar floor. The standard height of risers in steps of this character is eight inches. While it is common practice to have a difference in the height of risers in such a stairway either at the top or at the bottom thereof, the conditions described rendered these steps not reasonably safe for use as hatchway steps. These conditions had existed for three or four years prior to the plaintiff's fall.

At about noon on May 18, 1939, in making a delivery for his employer to the defendant's building, it was necessary for the plaintiff to carry a one hundred pound bag of coal down these steps. Prior to this date the plaintiff had made one or more similar deliveries, carrying one hundred pound bags of coal down the steps without injury. On these occasions the construction of the steps was the same and a plank rested on

the concrete step. At the time in question the plaintiff opened wide the double hatchway doors, looked at the steps and the plank on the concrete step, and then with the one hundred pound bag on his right shoulder placed his right foot on the plank. As he did so the plank slipped to the next step below and caused him to fall upon his back, head and elbow and slide down the steps. Subsequently the plank was replaced and the plaintiff carried down nine similar bags. He sustained a lumbosacral strain, a cut on his right elbow and a brain concussion as a result of his fall, and remained in bed for the next three or four days. The average weekly earnings of the plaintiff before the accident had been twenty-two dollars and he was incapacitated for work for five weeks. He expended five dollars for medicines and seventy dollars for medical care, and suffered considerable pain and discomfort in his back and head. The court awarded him seven hundred dollars damages.

Aside from the defendant's attack upon the finding of subordinate facts, its brief limits the errors claimed to the court's conclusions that the stairway was not in a reasonably safe condition, that the plaintiff was free from contributory negligence, and that the plaintiff had not assumed the risk of any danger, and to its award of damages in an amount termed excessive. The court's finding that the stairway was not reasonably safe is amply supported not only by the subordinate facts already recited as to the loose plank and the heights of the risers of the two steps nearest the top, but also by the direct and undisputed testimony of the plaintiff's engineer. It was the duty of the defendant to use reasonable care to maintain these steps in a reasonably safe condition. *Geoghegan* v. *G. Fox & Co., Inc.*, 104 Conn. 129, 134, 132 Atl. 408; *Greenley* v. *Miller's, Inc.*, 111 Conn. 584, 587, 150 Atl. 500; *Smith*

v. *Union & New Haven Trust Co.*, 121 Conn. 369, 371, 185 Atl. 81. Although "reasonably safe" is a relative term (*Jager* v. *First National Bank*, 125 Conn. 670, 676, 7 Atl. (2d) 919), it does not necessarily follow, as argued by the defendant, that because few people used these steps, which was one of the pertinent facts for the court's consideration in determining this issue, it was unwarranted in finding that they were not reasonably safe. The court did not err in its determination of this question of fact. There is no finding that the plaintiff comprehended the peril involved in descending the steps and no correction is claimed in this particular. The doctrine of assumption of risk as such is therefore not in the case. *Dean* v. *Hershowitz*, 119 Conn. 398, 412, 177 Atl. 262; *Meyers* v. *Paro Realty & Mortgage Co.*, 128 Conn. 249, 251, 21 Atl. (2d) 379. The defendant in this connection is merely claiming "a form of contributory negligence which has been frequently called 'voluntary assumption of risk.' This is an application of the phrase made for convenience to indicate a defense based upon the fact that the plaintiff is aware of the risk and chooses to continue. . . . The fact that the plaintiff is barred only if he is unreasonable in encountering the risk, a fact not considered where there is the true defense of voluntary assumption of risk, indicates that it is a form of contributory negligence." Restatement, 4 Torts, p. 496; *Ballou* v. *Jewett City Savings Bank*, 128 Conn. 527, 531, 24 Atl. (2d) 260. The court's finding that the plaintiff was in the exercise of reasonable care and did not assume the risk in descending the steps as he did cannot be disturbed.

In view of the elements of damage sustained by the plaintiff which the court has found, we cannot say that the $700 awarded so exceeded fair and reasonable

compensation as to justify judicial interference. *Squires* v. *Reynolds,* 125 Conn. 366, 369, 5 Atl. (2d) 877.

There is no error.

In this opinion the other judges concurred.