229 P.2d 985

**ALSUP v. SARATOGA HOTEL, Inc.**

No. 7640.

Supreme Court of Idaho.

April 3, 1951.

Anderson & Thomas, and Samuel Kaufman, Jr., all of Boise, for appellant.

232

Elam & Burke, Boise, for respondent.

KEETON, Justice.

Appellant (plaintiff) on November 5, 1948, was on premises of respondent (defendant) as an invitee, and while there received injuries for which he seeks to recover damages.

On issues joined the case was tried in the district court of Ada County, and at the conclusion of the appellant's evidence, the trial judge granted a nonsuit and dismissed the action. The appellant appealed.

Appellant is a resident of Boise, and while in Caldwell on the day in question, was a patron of the Circus Room maintained in respondent's hotel. He arrived there about five p. m., sat at the bar and drank two jiggers of whiskey and about six o'clock inquired the way to the lavatory, and was advised by another patron of the place that the same was located in the basement and could be reached by a stairway which led from a vestibule near the end of the bar.

This stairway leading to the basement was approximately 30 inches wide and enclosed between walls. The steps were 9¾ inches wide. Along the right hand side of the stairway was a handrail. Appellant entered the vestibule leading to the stairway and dining room, started to descend, missed the first step and fell. He describes why and how he fell as follows:

"Q. And what occurred to you. Locke, as you attempted to go down the stairway to the lavatory? A. I just turned around to the left,—no handrail on the left—and stepped down to go down naturally, and in the stairway being out of proportion more than what I am used to, I am used to a regular stairway, where I work, I use often, it was farther down four inches I believe to be exact than what I am used to,

and in stepping down naturally my foot which I stepped down with, which was my right foot, I went to about half-way over the end of the step, and just threw my over-balance, and down the—down the stairway, all the way down.

    *      *      *      *      *      *

"Q. And what was the condition of the step there, Mr. Alsup, with respect to height and with respect to its being level? A. Well, it's unlevel; there is two inches difference in about a thirty-inch step; I think they are about thirty inches wide, and there's about two inches difference in the rise between one end of the stairs and the other.

    *      *      *      *      *      *

"Q. And how did that affect your balance that night, when you started down the stairs? A. That caused me to over-step —farther down, you know, than you think, and caused my right foot to go too far, and when I put my weight on it it naturally over-balanced me, and threw me down.

"Q. And how high is the first step, at the left side? A. Eleven inches.

"Q. And how high is it at the right side? A. Nine inches.

"Q. Then what happened to you when you lost your balance there on that step? A. I fell all the way down stairs."

On cross-examination the appellant testified:

"Q. Did you look down the steps to see what they were like? A. Naturally.

    *      *      *      *      *      *

"A. I saw the hand rail. Whether I looked especially to see it or not I wouldn't know."

"Q. You looked at the steps and saw their condition, and you saw a hand rail, but you did not take ahold of the hand rail, is that correct? * * * A. That's correct."

In a former accident which happened in 1943, appellant fractured the femur of the right leg and had suffered partial permanent disability. The right leg was about an inch shorter that the left, and he wore a built-up shoe and limped on the right foot, and there is a limitation in the side motion of that limb. This physical handicap may, but is not shown to, have contributed to the fall.

Appellant tripped over nothing; there was no obstruction in the passageway; the vestibule was lighted; the opening to the stairs and the enclosure were visible and seen; he made no attempt to use the hand-rail or steady himself by placing his hands on the walls which could have been reached. There was no door at the entrance to the steps. The stairs were not hidden and the steps and stairway could be and were observed from top to bottom from the vestibule. Appellant saw the opening, the steps, stairway, handrail and the entrance to the dining room, but did not see signs shown in photographs admitted in evidence, reading "Watch Your Step" and denies the presence of such signs.

In the vestibule running from the bar to the dining room, there was an incline

in the floor forming the landing of two inches paralleling the top step of the stairs. Such descent or ascent of two inches in the distance of thirty-one inches, is not shown to have created a dangerous or unusual condition, or to have caused the accident, and we cannot take judicial notice that such descent or ascent would, in itself, constitute a hazard, which either contributed to or caused the damage complained of.

Appellant specifies error as follows: first, that the question of negligence and contributory negligence under the facts proved was one for the jury and not for the court; that the court committed reversible error in sustaining respondent's objection to questions relative to the lighting of the vestibule of the stairway at the time of the accident as compared to the lighting shown in a photograph introduced in evidence.

The only evidence as to abnormality of height of the steps or riser was in appellant's testimony as follows: "* * *, and in the stairway being out of proportion more than what I am used to, I am used to a regular stairway, where I work, I use often, it was farther down four inches I believe to be exact than what I am used to, * * *"

The stairway to which appellant states he was accustomed, could have been a riser anywhere from 5 to 7½ inches.

█ From what source are we to assume as a matter of common knowledge, what the ordinary, reasonable, safe standard of construction is, or should be, of the height of the riser, that is, from the landing to the first step? Appellant having pleaded abnormal height, it was incumbent upon appellant to present evidence showing that the abnormality, if any, was negligence, and further, that the abnormality in the height of the riser was the proximate cause of the damage complained of.

In Supreme Instruments Corporation v. Lehr, 190 Miss. 600, 199 So. 294, 1 So.2d 242, the plaintiff fell and was injured when attempting to step from the lavatory or rest room. The descent consisted of two steps, one 8⅞₆ inches and the other step 9⅞₆ inches. In that case, as in the case before us, the steps were of sound construction and free from latent or concealed defects. In holding that there was no liability, the Supreme Court of Mississippi said: "An employer was not negligent in maintaining a step to a rest room with a tread of 10⅞₆ inches and with a riser of 9⅞₆ inches, nor was the absence of a handrail negligence, much less a contributing 'proximate cause' of injury sustained by employee who tripped on step."

█ Were we to assume here that the step in question deviated from what might be called standard construction, the question would arise whether or not such deviation was reasonable, or, unreasonable to a degree constituting negligence.

█ If the distance of 11 inches from the landing to the first step was such a deviation from standard or approved construction as to be negligence, there is no

testimony here to establish such unreasonable deviation.

Appellant testified that he overstepped the first step. The structural defect, if any, complained of here was not in the step, but in the stepping.

A reasonably prudent person would not expect all stairways to be exactly alike, nor assume that every stairway will fit his own accustomed stride, or even that of the average person. If the stairway here were shown to be uncommon or unusual in construction, still it was not shown to present a danger, or a danger unknown to appellant, thereby causing the injury complained of.

Slight imperfections or irregularities in construction are not defects, the maintenance of which could be said in itself to constitute negligence.

Thus, in the case of Pastrick v. S. S. Kresge Co., 288 Mass. 194, 192 N.E. 485, the Supreme Court of Massachusetts said: "Well lighted stairway equipped with handrails and safety treads *held* not defective in having treads whose combined width and rise exceeded the 17½ inches alleged to conform to pacing cadence of ordinary person, and hence store maintaining stairway was not liable to customer for injuries resulting from fall thereon."

The rule is well established that injuries sustained due to one falling downstairs where the mishap was not imputed to unknown or concealed defects, belong to that class of ordinary accidents imputed to either the carelessness or misfortune of the one injured. See Boyle v. Preketes, 262 Mich. 629, 247 N.W. 763.

In the case of Hollenbaek v. Clemmer, 66 Wash. 565, 119 P. 1114, 37 L.R.A.,N.S., 698, an action for damages sustained by reason of a fall down steps maintained by the defendant, the Supreme Court of Washington said: "There is no claim in this case that the step was in bad order, or not properly lighted, or was not in plain view of any person who might use it. * * * It is apparent that it was the plain duty of the plaintiff to use her sense of sight and look where she was stepping."

For other cases and authorities in point see Olsen v. John Hamrick's Tacoma Theaters, 9 Wash.2d 380, 115 P.2d 718; Perroni v. Savings Bank, 128 Conn. 679, 25 A. 2d 45; Daniel v. Jackson Infirmary, 173 Miss. 832, 163 So. 447; Criswell v. Bankers' Mortgage Co., 128 Kan. 609, 278 P. 722; 43 C.J.S., Innkeepers, § 22, page 1180.

Appellant, to sustain his contention of actionable negligence cites: Cogswell v. C. C. Anderson Stores Co., 68 Idaho 205, 192 P. 2d 383; Hall v. Boise Payette Lumber Co., 63 Idaho 686, 125 P.2d 311; Roach v. Wells Fargo Bank & Union Trust Co., 102 Cal. App. 380, 282 P. 967. In each of these cases the steps were concealed from view by a door and the descent, on the door being opened, was immediate and abrupt. In the case before us, there was no door, the steps were plainly visible and were seen by

the appellant, and the danger, if any, was open and apparent.

The duty of a proprietor to keep the premises safe for invitees applies to defects or conditions which are in the nature of hidden dangers: Lamson & Session Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388; Lane Drug Stores, Inc., v. Story, 72 Ga. App. 886, 35 S.E.2d 472; Sheffield Co. v. Phillips, 69 Ga.App. 41, 24 S.E.2d 834; Southwestern Bell Telephone Co. v. Ward, 200 Okl. 315, 193 P.2d 569; Billington Lumber Co. v. Cheatham, 181 Okl. 402, 74 P.2d 120; Cogswell v. C. C. Anderson Stores, supra; Hall v. Boise Payette Lumber Co., supra; Roach v. Wells Fargo Bank & Union Trust Co., supra; traps, snares, pitfalls and the like, and which are not known to the invitee and would not be observed by one in the exercise of ordinary care; City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462. The invitee assumes all normal, obvious and ordinary risks attendant on the use of the premises and the owner is under no duty to reconstruct or alter the premises so as to obviate known or obvious dangers. 65 C.J.S., Negligence, § 50, page 541.

A hotel proprietor, shopkeeper or owner is not an insurer of the safety of customers and is only liable for injuries resulting from his negligence. He is bound to exercise reasonable care to keep the premises in a reasonably safe condition for his customers and others who are invited expressly or impliedly to enter, and in the absence of negligence there is no liability. 65 C.J.S., Negligence, § 45, page 524, Notes 89–90 and cases there cited.

Appellant assigns as error the sustaining of an objection of respondent to offered testimony relative to the difference in lighting when photographs were taken of the premises after the accident, and the lighting at the time the accident occurred.

The appellant did not allege improper lighting at the time of the accident as a ground of negligence, nor did he claim in the trial that insufficient lighting caused the fall; nor did appellant make any offer of proof or show the purpose of such examination. Hence the difference in lighting, if any there was, at the one time as compared to the other, under the facts presented, is inconsequential.

Appellant asserts that the position of the handrail was changed subsequent to the damage complained of and that the signs "Watch Your Step" were posted thereafter. However, the position of the handrail and the absence of signs, if any, at the time of the accident and before the alleged changes were made, were not shown to present a dangerous condition or to have been the proximate cause of the accident.

Changing conditions subsequent to the accident cannot be considered as proof of defendant's negligence at some prior time. Where the question at issue is the liability of a defendant for alleged negligence because of the maintaining of a dangerous condition, the question at issue

is what was the condition at the time of the accident and evidence of changed conditions subsequent to the accident, if intending to prove negligence at the time of the accident, are immaterial and present only collateral matters. 20 Am.Jur. 267, § 282; 20 Ruling Case Law 180, § 148.

Respondent contends that if it were found that the conditions complained of constituted negligence on the part of respondent, the contributory negligence of the appellant would bar recovery and that he assumed the risk.

In the case before us, if there were any danger, the conditions creating such danger, if any, were so obvious and apparent that the appellant assumed the risk of descending or attempting to descend the stairs.

Appellant contends that the question of negligence on the part of respondent, and contributory negligence, if any, on his part, and proximate cause are questions for the jury. Hence the court erred in granting a nonsuit.

The rule is that where the minds of reasonable men might differ or where different conclusions might be reached, the question of negligence, contributory negligence and proximate cause, is for the jury. Where the facts are in dispute, it is the province of the jury, or trier of facts, to find on such conflicting evidence. Ford v. Connell, 69 Idaho 183, 204 P.2d 1019.

Conversely, where the undisputed evidence is so conclusive that reasonable minds could not arrive at different conclusions as to the facts or inferences to be drawn therefrom, it is proper for the court to take the case from the jury. 38 Am.Jur. 1046, § 345.

The fact standing alone that the appellant fell and was injured, does not establish negligence on the part of the respondent.

We therefore conclude that appellant, in overstepping the first step, due to the fact that it had a riser to which he was not accustomed, and all conditions surrounding the accident, or which contributed to the same, being visible, apparent, and all of which were observed by him, and there being no latent or concealed defects, has not proved actionable negligence; and the question of negligence of the respondent and contributory negligence, if any, of the appellant, are questions of law, and the contributing factors were susceptible of only one inference. The trial court did not err in granting a nonsuit and dismissing the action. Judgment is affirmed. Costs to respondent.

GIVENS, C. J., TAYLOR, J., and MARTIN, D. J., concur.

PORTER, J., dissents.