[Civ. No. 19302.   Second Dist., Div. Three.   May 11, 1953.]

WINIFRED CLETRO, Appellant, v. VALLEY STORES, INC. (a Corporation) et al., Respondents.

Richard A. Kleinrock for Appellant.

Robert A. Cushman for Respondents.

VALLÉE, J.—Appeal by plaintiff from a judgment for defendant in an action for damages for personal injuries, tried by the court without a jury.

On September 4, 1950, defendant, Valley Stores, owned and operated a public retail market. Defendant Berg owned and operated the beverage department in the market. The beverage department consisted of an open space adjoining and to the left, as one entered the market, of the entrance and aisle which were common to the entire market. A counter for the beverage department was located from 2 to 3 feet to the left of the aisle running parallel to it. The counter was about 10 feet in length and 3 feet high. A beverage cooler was located at right angles to the counter at its end nearest to the market entrance. The cooler was about 3 feet high and extended lengthwise from behind the counter up to the entrance of the market. Patrons entering or leaving the market through the main entrance walked past the cooler.

In the corner formed by the cooler and the counter nearest the aisle, Berg had placed a stack of cardboard cartons containing Coca-Cola. The cartons were in two layers; each layer consisted of three cartons of 12 bottles each and three cartons of 6 bottles each. The top of the two layers was about 14 to 15 inches off the floor. The cartons were stacked so that the bottom layer extended farther away from the counter and toward the aisle about one bottle more than the top layer.

On September 4, 1950, plaintiff entered the market and purchased some soft drinks and cigarettes from Berg at the beverage counter. As she walked out of the market and was from 3 to 5 feet from the stack of Coca-Cola cartons, a 3-year-old child started to climb onto the cartons and at least one carton fell to the floor. One of the bottles of Coca-Cola exploded and projected a piece of glass into plaintiff's foot.

There was evidence that it is customary in public markets to stack cartons of Coca-Cola in the fashion they were stacked in Berg's department on the day of the accident. Berg testified that this was the first time he had known of any carton being knocked over by a child in the store, and that none of the cartons had been knocked over on any previous occasion.

The court found that neither one of the defendants was negligent; that the "occurrence and any injury which may have resulted to plaintiff as a result thereof, was not proximately caused or contributed to by any carelessness or negligence on the part of" any of the defendants; and that "plaintiff has not sustained any injury, loss or damage as the direct or proximate result of any negligence on the part of" any defendants. Judgment was for defendants from which plaintiff appeals.

Plaintiff contends that "the negligence of the defendant Berg was a proximate cause of the injuries sustained by plaintiff," and that the findings that "any negligence on the part of the defendant Berg was not a proximate cause of the accident and any resultant injury to plaintiff, are unsupported by any substantial evidence."

Plaintiff's contention is predicated on the erroneous assumption that the court found Berg was negligent. The court found that Berg was not negligent. The complaint alleged Berg was negligent in paragraph VI. The court found the allegations of paragraph VI were untrue. This was a sufficient finding of want of negligence. (*Igauye* v. *Howard*, 114 Cal.App.2d 122 [249 P.2d 558].) The finding that Berg was not negligent is not attacked. Since the court found that Berg was not negligent, in the absence of attack we must assume that that finding is supported by substantial evidence. The findings with respect to proximate cause are surplusage.

The court also found that Valley Stores was not negligent. Plaintiff claims this finding is not supported by any substantial evidence. The point has no merit. It is true, of course, as plaintiff argues, that the law imposes on the owner-operator of a public market the duty of exercising ordinary care and prudence to keep the aisles and passageways, in and through which by their location and arrangement a customer in making purchases is induced to go, in a reasonably safe condition so as not to unnecessarily expose him to danger. (*Neel* v. *Mannings, Inc.*, 19 Cal.2d 647, 652 [122 P.2d 576].)

■ But whether Valley Stores met this standard is a question of fact and not of law. ■ Even when there is no conflict in the evidence, if different conclusions on the subject can rationally be drawn from the evidence the question of negligence is one of fact. (*Thompson* v. *B. F. Goodrich Co.*, 48 Cal.App.2d 723, 727 [120 P.2d 693].) ■ It is apparent from the foregoing recital of the evidence that the trial judge was justified in finding there was no negligence on the part of Valley Stores, Inc.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.