JOHNSON, Judge.
This is an appeal from the order of the trial court denying the defendant’s motions for a directed verdict at the end of the plaintiff’s case, and at the end of all the evidence; denial of motion for a new trial and from the final judgment entered therein.
It appears from the evidence that the ap-pellee, who was plaintiff below and will be *20 so referred to hereinafter, fell on or over a magazine display rack in. the store of the appellant. The rack appears to be wide at the bottom and tapers off at the top. It is not clear from the evidence whether the rack actually extended into the aisle usually used by customers or not. There is a certain amount of conflict on this question. The appellee was in the store building as an invitee, at least. She was attempting to see the manager, who was temporarily unavailable. Upon his becoming available, a clerk in the store made some remark about “there he is now”, and the appellee turned and fell over the news rack she had been standing by for several minutes. There are uncorroborated statements charged by the appellee against the store manager and the same by the store manager against the appellee. She says, in effect, that the store manager remarked at the time he was helping her up off the rack, that the rack was dangerous and should have been moved. He says she said she was not hurt. It is hard for us to believe the appellee’s statement about the manager saying the rack was dangerous and should be moved, because he had been manager of this store for more than two years and could have moved it any time. Further, no one had fallen over it before. The picture of a similar rack and its location in a store was filed in evidence, but not a picture of the rack and store in question, therefore evidence of the location of the rack must be left to the conflicting verbal testimony.
From the decisions of the Florida courts and other courts, it appears to us that the appellee comes close to being guilty of contributory negligence in this case, but we recognize the general rule that one who enters a store during business hours to purchase goods does so at the implied invitation of the owner upon whom the law imposes the duty of exercising ordinary care and prudence to keep the aisle and passage ways in a reasonably safe condition so as not to unnecessarily expose him to danger or accident.[1] Whether this rule was violated in the instant case was a jury question. Also, the question of whether the appellee should have seen the rack and that her tripping thereon was due to her own contributory negligence, is a question for determination of the jury.[2] In the condition the evidence appears, we can readily understand the trial court’s temporary delays in acting upon the defendant’s motions for a directed verdict at the close of plaintiff’s case as well as at the close of the defendant’s case. He apparently felt and so determined, that these were matters for the determination of the jury, because he denied the motion for directed verdict, although he did not enter such order until several days after the verdict of the jury had been entered. This court is of the opinion that the issues involved in this- case are so close, that had the jury found for the defendant and/or the trial judge had granted the motions for a directed verdict, we would not have disturbed such finding or ruling on appeal, but we will not substitute our judgment for that of the trial judge,, who viewed the witnesses and demeanor, nor for that of the jurors who were in a better position to determine the facts out of which the cause of action arose, the question of negligence or contributory negligence of the parties, in the absence of a' clear showing of abuse of same nature, none of which appears here.
As to the element of damages, especially as to the future medical, we think the evidence sufficient to establish the fact that the appellee would of necessity have to be responsible for such costs, although a married woman: The mere fact of being married may render the husband liable for his wife’s medical, but this does not preclude the wife’s liability therefor and 'therefore from the facts in this case, we-find no error in the wife’s recovery for medical and, *21 future medical costs, nor with the court’s instructions to the jury on this point.
For the reasons stated, the orders appealed are hereby affirmed.
WIGGINTON, Acting C. J., and SACK, J., concur.

. 38 Am.Jur. Negligence, 136.

. Thompson v. B. F. Goodrich Co., 48 Cal. App.2d 723, 120 P.2d 693.