442 P.2d 771

Ronald D. NEER and Donna E. Neer, husband and wife, Plaintiffs-Appellants,

v.

SAFEWAY STORES, INC., a corporation and John Llewellyn, Manager of Safeway Store No. 229, Lewiston, Idaho, Defendants-Respondents.

No. 10018.

Supreme Court of Idaho.

July 1, 1968.

Rapaich & Knutson, Lewiston, for plaintiffs-appellants.

Ware, Stellmon & O'Connell, Lewiston, for defendants-respondents.

McFADDEN, Justice.

Ronald D. Neer and Donna E. Neer, husband and wife, the plaintiffs in this action, brought this appeal from a judgment of the District Court granted pursuant to I.R.C.P. 41(b) dismissing their claim against the Safeway Stores, Inc., a corporation, and John Llewellyn, manager of Safeway Store No. 229, at Lewiston, respondents herein.

Mrs. Neer tripped on a curb separating a city sidewalk from a parking lot of respondent Safeway Stores in Lewiston, and as a result thereof she sustained serious injuries.

Appellants instituted this action for damages for Mrs. Neer's injuries. The trial court conducted a pre-trial hearing, and as a result thereof, entered a pre-trial order wherein admitted facts were set forth, together with the contentions of both appellants and respondents. The court then outlined the issues between the parties, and in the order stated that the pleadings are superseded by the order of the court. No objections were interposed to this pre-trial order. In the pre-trial order, stipulated facts which did not need to be proved were to the effect that Mr. and Mrs. Neer were husband and wife, and that respondent Safeway Stores, Inc., was a corporation operating a supermarket at Lewiston, Idaho; that on September 20, 1963, appellants parked their vehicle in respondents' lot and that the weather was clear on the evening in question. Also in the order under appellants' contentions it is stated that respondents were negligent in that:

"a. They maintained an unlighted parking lot for public use.

b. They maintained an inadequately lighted parking lot for public use.

c. They constructed and maintained an unmarked curbing some several inches high in a location where the same would not be visible at night without adequate artificial lighting."

On December 9, 1966, the parties hereto stipulated as follows:

"The above case set for trial December 13, 1966, shall be tried before the Honorable Paul W. Hyatt, District Judge, without a jury.

"The plaintiff may offer the deposition of Donna E. Neer taken on January 22, 1965, and it shall be offered in evidence and considered as if she had testified in open court and had been asked the questions and had given the answers contained in the deposition."

The record before this court reflects that appellants' counsel on the morning of the trial believed that the trial was to be a divided one pursuant to I.R.C.P. 42(b).[1] It was appellants' contention that this case was at issue solely on the question of liability, and that in the event liability was established, then the issue of the damages

---

1. "Rule 42(b). Separate trials ordered by court—The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third party claims, or issues, * * *."

would be heard at a later time. The record reflects as follows:

"THE COURT: All right. Now in accordance with the stipulation, a jury has been waived at this particular time, so you may proceed, Mr. Rapaich, * * *

MR. RAPAICH: Your Honor, as the Court is aware, this matter is brought here under Rule 42–b.

THE COURT: * * * This is a plain stipulation to try this case without a jury and that you put this in evidence and then—

MR. RAPAICH: Whether it be the rule or not, Your Honor, we are just here on the issue of liability.

THE COURT: Of course, you have got enough in there so they can't throw you out for injuries in case it was reversed.

* * * * * *

MR. RAPAICH: I am talking about the division of the issue of liability and damages under Rule 42–b, if we have to have a rule to go under. It really doesn't make any—

THE COURT: * * * You have got enough in your deposition on damages to show the woman is hurt, * * * I am not making any order for a separate trial * * *

MR. RAPAICH: * * * For the purpose of the record I will withdraw that statement.

THE COURT: Yes, because it might foreclose both of you when the matter comes back except on the issue of damages.

MR. RAPAICH: All right.

THE COURT: * * * [I]t—will be treated as a formal trial to the Court, but under your stipulation here her deposition can be offered and stipulated if she were here, she would testify and give the same—same questions would be put and the same answers given by her.

MR. RAPAICH: So stipulated.

MR. O'CONNELL: Yes, Your Honor."

Mrs. Neer's deposition was admitted into evidence and then appellants stated they would offer no further proof other than the deposition of Mrs. Neer. Respondents moved for involuntary dismissal and the court granted the motion, stating that it believed that respondents, at the time of the injury, did not owe a duty of care. Following the granting of the motion to dismiss, the court entered findings of fact and conclusions of law and judgment of dismissal. The findings were based solely upon the deposition of Mrs. Neer and accurately reflect her testimony therein. The pertinent finding of fact is as follows:

"On the evening of September 20, 1963, at approximately 8:45 o'clock p.m., the plaintiffs drove their pickup truck into the defendant's parking lot located west of the southwest corner of the intersection of Tenth and Idaho Streets, Lewiston, Idaho, and parked their vehicle in the westerly portion of said lot nearest Idaho Street. The plaintiff, Donna E. Neer testified that after making a purchase at the store of the defendant, Safeway Stores, Inc., the said store being one-half to three-fourths of a block from where plaintiffs were parked, she returned to the pickup truck, got into it and placed the purchased groceries on the floor thereof. The plaintiff, Donna E. Neer, then left the pickup truck, walked along the right side of it and toward the sidewalk abutting the north side of Idaho Street and was intending to proceed across the said sidewalk and Idaho Street to the Knights of Pythias Hall located on the north side of Idaho Street, and westerly from the point where plaintiffs were parked. The purpose of the plaintiff, Donna E. Neer, in going to the Knights of Pythias Hall was to see a friend, Donna Clovis, who was there attending a square dancing practice session. Between the said sidewalk and the parking area was a concrete curbing six inches in heighth and five inches in width forming the south

boundary of the defendants' parking lot, over which the plaintiff, Donna E. Neer, tripped and fell to the adjacent sidewalk, sustaining personal injuries resulting in damages to the plaintiffs."

In its conclusions of law the court stated:

" * * *

"2. The plaintiffs have failed to show any liability or negligence attributable to the defendants, or either of them, or any breach of duty by the defendants, that make the defendants, or either of them, liable to the plaintiffs for such injury and damage.

"3. The defendant's Motion to Dismiss pursuant to Rule 41(b) Idaho Rules of Civil Procedure was properly granted and a judgment dismissing plaintiffs' Complaint with prejudice should be entered herein."

In appellants' brief on appeal, only one assignment of error is set out, which reads as follows:

"The court erred in holding, as a matter of law, that the respondents did not owe the appellant, Donna E. Neer, the duty of ordinary care under the circumstances and conditions existing at the time she sustained her injuries."

This sole assignment of error is predicated upon the statement of the trial court at the time it granted the motion to dismiss as follows:

"Now the Court holds that there is a sufficient showing of damages in this case, but on the issue of liability I have concluded from reading this deposition, which is the evidence in this case, that when this plaintiff, Mrs. Neer, came to her car and put her stuff in it and then started off to the dance hall across the street on the corner, as she testified, a square dance, she was going there for lessons or something to that effect, that they did not owe her any duty or ordinary care at that particular time."

However, in the trial court's findings of fact and conclusions of law, the court held that negligence on the part of the respondents had not been established and that the action should be dismissed.

■ It is essential that negligence must be established for recovery for injuries sustained by a business invitee and that the negligence of the defendants be the proximate cause of the injuries of the business invitee. Alsup v. Saratoga Hotel, Inc., 71 Idaho 229, 229 P.2d 985 (1951). The only evidence before the court was the deposition of Mrs. Neer, and this deposition is devoid of any evidence that might be construed to reflect negligence of any kind on the part of respondents.

The trial to the lower court was not a divided trial, but the issues were submitted to the trial court and not to a jury, in accordance with the parties' stipulation. The record fails to disclose that appellants were in any way prevented from producing any further evidence on the issue of negligence and does show that appellants advised the court after submitting Mrs. Neer's deposition that appellants rested. From the evidence submitted to the trial court as it appears in the record before this court, acceptance of appellants' position would require that respondents be held absolutely liable for any injuries that may have been sustained by Mrs. Neer on their premises. Such a holding would not be in accordance with the law in Idaho. Gowen v. Davis, 85 Idaho 221, 377 P.2d 950 (1963) (licensee); Alsup v. Saratoga Hotel, Inc., supra, (business invitee); Pincock v. McCoy, 48 Idaho 227, 281 P. 371 (1929) (licensee).

It is not essential for this opinion that any determination be made as to whether Mrs. Neer was a "business invitee," or merely a "licensee" at the time of her injuries. Regardless of which status she occupied at the time of her injury, at least negligence would have had to be shown in one form or another. Alsup v. Saratoga Hotel, Inc., supra.

Appellants' counsel claims the trial court decided the case on the basis of Mrs. Neer's status of a licensee, and that he knew the court was going to rule in such a manner and thus did not bother to put in further evidence. Suffice it to say that none of the above is of record before this court. See Lanning v. Sprague, 71 Idaho 138, 227 P.2d 347 (1951). This court is bound by the record presented to it on appeal and this contention of appellants cannot be considered on the basis of the record here.

In argument appellants contend that the issue before the court is solely one involving a question of law of whether Mrs. Neer was owed any duty by respondents upon her leaving the vehicle and starting to visit her friend, at which time she tripped on the curb and fell resulting in her injuries, and that the lack of proof of the claimed acts of negligence as outlined in the pre-trial order is immaterial to the issue before the court. Appellants argue that it was the intent of the trial court to have a ruling on the issue of whether there was a change of status on the part of Mrs. Neer from that of business invitee to one of licensee, and in truth the court never reached the issues as to proof of claimed negligence. Appellants' contention in this regard is not sustained by the record. The ruling by the trial court granting the motion to dismiss was not based on the pleadings, but was one based on the testimony adduced at the trial pursuant to I.R.C.P. 41(b). Under this rule, if proof essential to establish a plaintiff's claim is not presented, it is not error for a trial court to grant the motion to dismiss. 2B Barron and Holtzoff, Federal Practice and Procedure § 919 (1961).

We do not find error in the record. The judgment is affirmed. Costs to respondents.

SMITH, C. J., and TAYLOR, McQUADE and SPEAR, JJ., concur.