O. Merlene KOVACS, and William Kovacs,
Plaintiffs-Appellants,

v.

SUN VALLEY CO., INC., an Idaho
corporation, Defendant-Appellee.

No. 73-3079.

United States Court of Appeals,
Ninth Circuit.

June 24, 1974.

John K. Carmack of Roberts, Carmack & Johnson, Los Angeles, Cal., George A. Greenfield of McClenahan & Greenfield, Boise, Idaho, for plaintiffs-appellants.

Carl P. Burke of Elam, Burke, Jeppesen, Evans & Boyd, Boise, Idaho, for defendant-appellee.

Before ELY, HUFSTEDLER and CHOY, Circuit Judges.

## OPINION

PER CURIAM:

Mrs. O. Merlene Kovacs slipped on a piece of ice and fell while descending an exterior stairway of a restaurant in Sun Valley, Idaho, owned by Sun Valley Co., Inc. She sued Sun Valley Co., Inc. in the district court for the District of Idaho for injuries she sustained from the fall, basing jurisdiction on diversity of citizenship.

She appeals from a judgment entered against her after a jury trial. We affirm.

█ Mrs. Kovacs alleges three errors requiring reversal. First, she contends the district court erred in refusing to allow her to introduce evidence that, subsequent to her accident, Sun Valley constructed handrails for the stairway in question. The district court correctly applied Idaho law in denying Mrs. Kovacs' request for admission of this evidence. Generally, evidence of subsequent repairs is not admissible, reflecting a strong public policy against discouraging safety precautions. Carter Packing Co. v. Pioneer Irrigation District, 91 Idaho 701, 429 P.2d 433 (1967); Alsup v. Saratoga Hotel, 71 Idaho 229, 229 P.2d 985 (1951).

█ Idaho recognizes only one exception to this general rule: where the question of defendant's duty to make the premises safe is at issue. Otts v. Grough, 90 Idaho 124, 409 P.2d 95 (1955); Zenier v. Spokane International Railroad Co., 78 Idaho 196, 300 P.2d 494 (1956). Here, however, Sun Valley's duty as an owner and occupier of land is not at issue.

██ Appellant urges this court to consider the law of states other than Idaho for the purpose of establishing an exception to the general exclusionary rule beyond the narrow exception recognized by the Idaho courts. This we refuse to do. Federal Rule of Civil Procedure 43(a) required that the district court apply the rules of evidence of the courts of general jurisdiction of the State of Idaho. It is not the province of a federal court to look beyond the designated state for the purpose of predicting changes which may or may not occur in that state's law. Furthermore, it is entirely appropriate to defer to the judgment of the Idaho District Court judge who is familiar with the local law. Klingebiel v. Lockheed Aircraft Corp., 494 F.2d 345 (9th Cir. 1974); Hurst v. Dare to Be Great, Inc., 474 F.2d 483 (9th Cir. 1973).

█ Appellant's second contention is that there was no basis in fact for the instruction on contributory negligence given by the trial court. We disagree. The record reveals sufficient facts upon which the trial court could properly base that instruction. Lord Baltimore Filling Stations v. Miller, 71 App.D.C. 376, 110 F.2d 698 (1940); Schultz & Lindsay Construction Co. v. Erickson, 352 F.2d 425, 430 (8th Cir. 1965); Fowler v. Uezzell, 94 Idaho 951, 500 P.2d 852 (1972).

█ Finally, appellant contends Instruction 20[1] in using the terms "hidden dangers" and "pitfalls" created the feeling that the duty owed to invitees by the proprietor of a business is very thin and almost nonexistent. Instruction 20 is a

---

1. The proprietor of a business is liable only for the injuries to his business invitees which result from his negligence, or the negligence of his employees which occurs within the scope of their employment. He has a duty to exercise reasonable care to keep the premises in reasonably safe condition for customers and others invited expressly or impliedly to enter.

The duty of a proprietor to keep the premises safe for invitees applies to defects or conditions which are in the nature of hidden dangers; pitfalls and the like, and which are not known to the invitee and would not be observed by the exercise of ordinary care. The invitee with the usual and ordinary human senses is expected by the law to observe and act upon all normal, obvious and ordinary risks attendant from the use of the premises.

correct statement of the applicable Idaho law.   Alsup v. Saratoga Hotel, 71 Idaho 229, 236, 229 P.2d 985, 989–990 (1951).

Affirmed.